# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.G.**

**No. 17-0657** (Cabell County 16-JA-37)

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother N.H., by counsel David Tyson, appeals the Circuit Court of Cabell County's May 24, 2017, order terminating her parental rights to J.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Melia Atwell Adkins, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the DHHR failed to remedy the conditions that gave rise to the petition's filing.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner also sets forth the following assignment of error: "Petitioner asserts that the [S]tate failed to satisfy by 'clear and convincing evidence['] that J.G. was neglected and psychologically abused by her mother." However, the argument for this assignment of error consists of only two sentences and contains no citation to the record or any legal authority. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's

(continued . . . )

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2016, the DHHR filed an abuse and neglect petition against the parents. According to the petition, the child disclosed that her father had sexual intercourse with her multiple times over approximately one year. According to the child, the father forced her to have sex in front of other people who paid him to watch the act. The petition made further allegations of abuse and neglect against the father. In regard to petitioner, the DHHR alleged that she failed to provide either emotionally or financially for the child and had effectively abandoned her by failing to protect her from the father's abuse. Petitioner later waived her preliminary hearing.

In August of 2016, the circuit court held an adjudicatory hearing. Petitioner was not present for the hearing but was represented by counsel. The circuit court adjudicated petitioner upon a finding that she "effectively abandoned her child." At a hearing in September of 2016, the circuit court granted petitioner a post-adjudicatory improvement period. As a condition of the improvement period, petitioner was directed to have no contact with the child. At a later review hearing, it was established that petitioner was not complying with the terms of the family case plan. Specifically, petitioner missed seven of thirteen drug screens, screened positive for cocaine, and failed to provide proof of employment. Further, petitioner failed to attend either Narcotics Anonymous ("NA") or Alcoholics Anonymous ("AA"), as ordered. Finally, the circuit court noted that the child ran away from placement on three separate occasions and that, each time, she returned to petitioner. Despite this fact, petitioner denied knowing the child's whereabouts. Thereafter, the circuit court terminated petitioner's post-adjudicatory improvement period and directed her to submit to a drug screen after the hearing.

In April of 2017, the circuit court held a dispositional hearing. Petitioner did not attend the hearing in person but was represented by counsel. During the hearing, the circuit court noted that petitioner's last drug screen was positive for cocaine. Additionally, petitioner missed two other screens and tested positive for marijuana in January of 2017. According to evidence from the DHHR, petitioner failed to comply with the terms of her family case plan and, aside from obtaining housing, did not complete any other requirement imposed in the family case plan. This included her failure to obtain employment, participate in parenting education, attend NA or AA meetings, or contact the DHHR. Based upon this evidence, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental rights was necessary for the child's welfare.

brief in regard to this assignment of error is inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order. Accordingly, the Court will not address the assignment of error on appeal.

2

Accordingly, the circuit court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.[4]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the DHHR failed to remedy the conditions that gave rise to the petition's filing because the child was allegedly "on the run for over one year while in the custody of the DHHR." According to petitioner, the DHHR never pursued the goal of reunification of the family and petitioner "was never given a chance with her child who ran away from her placement with the DHHR." Finally, petitioner argues that the DHHR did "little to remedy the situation by not knowing where the child may be even though they are the custodian of the minor child." Petitioner's arguments, however, have no basis in fact or law.

First, petitioner's assertion that the child was missing for over one year during the proceedings below lacks any basis in the record. It does appear that the child ran away from her placement while in DHHR custody and was missing for approximately five weeks in December of 2016 and January of 2017, but this fact did not in any way prevent petitioner from participating in services. In fact, the record shows that in May of 2016, the circuit court instructed petitioner that she could have visitation with the child if she completed two consecutive drug screens. However, petitioner failed to satisfy this burden and was not entitled to

[3]In addition to the termination of petitioner's parental rights, the parental rights of the father to the child were terminated below. According to the guardian, the parties are currently seeking an appropriate permanent placement for the child, who is presently placed at Pressley Ridge Grant Gardens pending a permanent placement.

[4]On appeal, petitioner does not raise an assignment of error challenging the circuit court's termination of her parental rights.

such visitation, not due to any failure of the DHHR to attempt to preserve the family but due to her own failure to submit to drug screens and otherwise refrain from substance abuse. Further, the record shows that while the child was missing from DHHR custody, petitioner had information about her whereabouts but failed to alert the DHHR to this information. Accordingly, it is disingenuous for petitioner to now argue on appeal that the child's disappearance had any effect upon her failure to comply with the terms and conditions of the family case plan below.

Moreover, petitioner's assertion that the DHHR was required to remedy the conditions that necessitated the petition's filing is without merit. Petitioner is correct that, absent aggravated circumstances or other specific situations as set forth by law, the DHHR has a statutory duty to make reasonable efforts to preserve the family. *See* W.Va. Code § 49-4-604(b)(7). However, petitioner is mistaken in asserting that the DHHR was required to remedy the conditions that necessitated the petition's filing. On the contrary, petitioner was required to remedy those conditions by participating in the various services that the DHHR offered in furtherance of its duty to make reasonable efforts to preserve the family. In these proceedings, the DHHR satisfied its statutory duty by providing petitioner with multiple services, including drug screens and parenting education, designed to facilitate petitioner's correction of the underlying issues of abuse and neglect. However, the record is clear that petitioner did not take advantage of these services and, thus, failed to properly remedy the conditions of abuse and neglect.

Specifically, the circuit court found that "[n]either . . . parent has made reasonable efforts to address issues identified" during the proceedings. It further found that, aside from obtaining stable housing, petitioner "accomplished nothing contained in her [f]amily [c]ase [p]lan." As set forth above, the brief period of time that the child left her placement in DHHR custody had no bearing on petitioner's failure to comply with services. Based on this evidence, the circuit court concluded that there was no reason to believe that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c), "'no reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, *the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect* on their own or with help." (emphasis added). This statute plainly illustrates that it was petitioner's responsibility to correct the conditions of abuse and neglect present. Accordingly, we find no error in the proceedings below.

Lastly, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

4

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 24, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: February 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

5